James M. ELKO, James T. McDonough, Angelo A. Cileone, Vincent R. Talarico, James P. Yeager, Joseph F. Nugent, individually and on behalf of those similarly situated

v.

James J. McCAREY, Fire Commissioner of City of Philadelphia

and

City of Philadelphia.

Civ. A. No. 70–1840.

United States District Court, E. D. Pennsylvania.

Aug. 11, 1970.

Thomas F. McDevitt, Philadelphia, Pa., for plaintiffs.

Levy Anderson, City Solicitor, John Mattioni, Asst. City Solicitor, Philadelphia, Pa., for defendants.

## OPINION

KRAFT, District Judge.

This Civil Rights Action (42 U.S.C.A. § 1983) was brought by plaintiffs, who are all members of the Fire Department of the City of Philadelphia. They have been suspended for ten days without pay by defendant Fire Commissioner and threatened with further more serious disciplinary action including dismissal because they have been found to be in violation of a "memorandum" and "special order" [1] issued by Fire Commissioner McCarey regulating the length and manner of grooming of sideburns, chin whiskers and mustaches worn by any officers and members of the Fire Department.

At the outset, plaintiffs also purported to sue the City of Philadelphia, which is a municipality and not considered a person within the meaning of the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961). Consequently, their complaint will be dismissed insofar as it seeks relief from the City of Philadelphia.

Additionally, plaintiffs purport to bring this action for injunctive relief and a declaratory judgment, as representative of a "class", which is neither defined nor alleged to be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). We have no idea whether the class includes parties who have "long sideburns" and/or "chin whiskers" and/or "mustaches" or only one of the hirsute adornments in issue. Accordingly, we conclude that intervention, liberally allowed, will sufficiently protect all persons who may purport to be similarly affected by the regulation.

The defendant Fire Commissioner has filed a motion to dismiss.[2]

---

1. The "Special Order" dated March 25, 1969 "re-emphasized" a prior "memorandum" of August 26, 1968 which reads as follows:

> "Long sideburns and chin whiskers are not to be worn by uniformed members of the fire department due to the most important need for tightness of face masks.
> Mustaches, if worn, must be neatly trimmed. Hair growing on the neck is to be kept short and tapered."

2. "Defendants move the Court to dismiss Plaintiffs' Complaint for the following reasons:

1. The complaint fails to state a claim against defendants upon which relief can be granted.
2. The Court lacks jurisdiction of the subject matter.
3. The plaintiffs have failed to exhaust their state court remedy, provided in the Home Rule Charter of the City of Philadelphia, the Civil Service Regulations of the City of Philadelphia, and appeal rights from adverse rulings of the Fire Department, Civil Service Commission and lower State Courts.

4. The defendants have a right and duty to prescribe rules and regulations

After argument and careful consideration of defendant's motion, we determine that, while the action should not be dismissed, we will stay further proceedings herein pending the exhaustion of administrative remedies and judicial review provided for by the City Civil Service Regulations. Sections 17.061, 17.062, 17.-063.

It has been held that "[t]he right to wear one's hair at any length or in any desired manner is an ingredient of personal freedom protected by the United States Constitution." Breen v. Kahl, 419 F.2d 1034 (7 Cir. 1969) cert. denied, 398 U.S. 937, 90 S.Ct. 1836, 26 L.Ed.2d 268 (June 2, 1970). Any regulation which limits this right must be "sufficiently justified" as furthering an "important or substantial governmental interest", which "is unrelated to the suppression of free expression" and any "incidental restriction on the alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968).

While the burden of justification for such a regulation is "substantial", there may be "different justifications" for the regulation of the hair styles of adults, such as firemen, than there are for students of a high school. Breen v. Kahl, supra, 419 F.2d at 1036.

The alleged justifications advanced in this case are that, for reasons of safety and internal discipline of the firemen, the regulations are necessary, reasonable and proper to insure the efficient operation of the fire department.

*At this time,* we refrain from consideration of the merits of these reasons,

since we conclude that the plaintiffs have not sufficiently established any immediate irreparable injury which cannot be fully redressed by the utilization of available administrative remedies and state judicial review. Craycroft v. Ferrall, 408 F.2d 587, 598 (9 Cir. 1969). Our "deference to [City—] * * * administrative authorities comports with the basic policy of avoiding the unnecessary resolution of constitutional questions." Nelson v. Miller, 373 F.2d 474, 480 (3 Cir. 1967) cert. denied 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980 (1967).

Accordingly, we enter the following

## ORDER

Now, this 11th day of Aug., 1970, after consideration of defendants' motion to dismiss, it is ordered that:

1. the motion to dismiss the action against the City of Philadelphia is granted and the complaint against the defendant is dismissed;

2. this action is not a valid class action and henceforth shall proceed as an ordinary civil action, with intervention liberally allowed;

3. the motion to dismiss the action against James J. McCarey, Fire Commissioner of City of Philadelphia, is denied;

4. the plaintiffs' motion for a preliminary injunction is denied for want of any substantial showing of any immediate, irreparable harm;

5. jurisdiction is retained pending the completion of the administrative and state judicial review procedures provided for by the Civil Service Regulations of the City of Philadelphia.

for the health, safety and welfare of personnel and the general public affected by the conduct of such personnel.

5. The Philadelphia Fire Department, as a quasi-military or regimented organization, is subject to reasonable rules and regulations pertaining to dress and personal appearance.

6. The plaintiffs have a full, adequate and complete remedy at law, and have

not suffered any irreparable injury or harm.

7. This is not a proper case for a class action, nor are the substantial rights of any class at issue.

8. This is not a proper case for the intervention by the federal courts into state administrative, executive and judicial process."